HOWARD RILEY HOMES, INC., Plaintiff-Appellee, *v.* FRANCIS W. WENZEL *et al.,* Defendants-Appellants.

(No. 12369; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—August 28, 1974.

Giffin, Winning, Lindner, Newkirk, Cohen, Bodewes & Narmont, of Springfield, for appellants.

Edward F. Casey, of Casey & Casey, of Springfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The defendants appeal from the judgment against them in the sum of $1563.86 found by the trial court to be due plaintiff in connection with construction of defendants' home.

On October 28, 1971, the plaintiff building contractor entered into a contract with defendants for the construction of a single family dwelling in Springfield, Illinois. The three-page contract contained 14 paragraphs

specifying some materials to be used in the construction, and providing dollar allowances for things to be selected such as electrical fixtures, cabinets, appliances and floor covering. The paragraph pertaining to interior walls provided for a specific paneling to be used in two of the rooms of the house, and also provided "Decorating: Purchasers have choice of colors throughout."

At the closing, the plaintiff presented defendants with a statement of charges for certain extras, in addition to the contract price of $74,500. Defendants did not contest the extra charge for a refrigerator, electrical fixtures over and above the allowance in the contract, and an additional outlet for the vacuum system, but refused to pay for the purchase and installation of wallpaper on the grounds that wallpaper was a part of "Decorating" covered by the contract.

At a bench trial commencing on January 22, 1973, the plaintiff called only one witness, Mr. Howard Riley, who testified that wallpaper is not covered by the contractor's obligation to decorate the house, since the quality of paper the individual owner will desire or the number of rooms to be covered cannot be estimated in advance and this testimony embodies plaintiff's theory of recovery. Plaintiff testified that he painted all eight rooms of the house to the defendants' choice of color, that a request for wallpaper was made sometime in January, 1972, and that he then recommended a particular place for the defendants to go and choose the wallpaper they desired. Plaintiff testified that he engaged a subcontractor to hang the paper. On cross-examination regarding the time in January when the defendants first brought up the subject of wallpaper, plaintiff said, "I assumed at that time that everybody completely understood the contract and what my bid included." He further testified that at that time neither party knew the amount of wallpaper to be used and that the first time he advised the defendants of the total bill for the wallpaper and that he considered it an extra to be paid for over and above the contract price of $74,500, was in June 1972 when he presented the final statement.

The defendants' testimony corroborates the plaintiff's to the effect that the matter of wallpaper was never mentioned at the time the contract was made, but rather during the course of construction several discussions occurred concerning the quantity needed and the choice of patterns. However, there was no discussion about the cost being included in the contract or whether it was an extra. Defendants testified to substantially the same conversations about wallpaper, and that the plaintiff suggested the place to purchase the paper, helped coordinate the colors, and secured the paper hanger. The defendants testified that the plaintiff had told them, and that they understood, that such things

as the refrigerator and additional light fixtures over and above the contract allowance were extras, which the defendants would pay for, but that plaintiff had never mentioned that wallpaper was an extra. The defendant Wenzel testified that he assumed wallpaper was included when he signed the contract.

The trial court found in favor of the plaintiff and entered judgment against the defendants for $1563.86.

■■ In order for plaintiff to recover in this case he must establish the following propositions:

1) That he had not agreed, in the contract, to perform the work in question and that it was, therefore, an "extra" and

2) That prior to performing the work he had so notified the owner and

3) That the owner had consented to the installation as an "extra". There is no evidence in this record to support the latter two propositions.

The notification to defendants was given at the time of closing, after the work was accomplished and the house completed.

■■ In the absence of an express or implied agreement, a contractor is not entitled to compensation for changes made or extra work performed. A building contractor must make his position, in reference to furnishing an extra not required to be furnished by the building contract, clear at the time the owner has to decide whether he shall incur the extra liability since fairness requires that the owner have an opportunity to make such a decision. *Watson Lumber Co. v. Guennewig*, 79 Ill.App.2d 377, 226 N.E.2d 270.

Defendants rely strongly on the *Watson* case for its holding that a buyer cannot be held liable for extra put into building unless he knew the nature and extent of the liability before it was incurred so that he could control his own liabilities, with the law requiring evidence of his consent to be shown before he can be charged for an extra. The plaintiff contends that since the wallpaper was requested by the defendants, this case is distinguishable from those where a contractor unilaterally adds extras. It is true that *Watson* also held that a contractor should not be required to furnish items that were clearly outside the parties' agreement, and that the buyer has no right to expand the nature or extent of the contractor's obligation. However, even if the defendants initiated the installation of the wallpaper, the plaintiff himself characterizes the wallpaper as an "extra," which he must since, if not an extra, it would clearly be includable in the contract price. The plaintiff did work and supplied material intending to charge extra for it, and did not communicate that intent to the defendants so that they could give consent or perhaps

choose other wallpaper or perhaps use less of it. That characterization, as an extra, added to the fact that plaintiff seeks compensation in addition to the contract price, clearly calls into force the language in *Watson* that the building contractor must make known in advance, his position with reference to furnishing an extra, to afford the owner an opportunity to decide whether to incur that extra liability.

■■ Although there is no apparent bad faith on the part of this contractor-plaintiff or the owner-defendant, and each held divergent views on the matter of wallpaper, the contractor cannot prevail since he is seeking to recover an amount over and above the contract price without establishing either that the owner was informed that the contractor considered the wallpaper to be an extra, or consented to that extended liability.

Judgment reversed.

SMITH, P. J., and TRAPP, J., concur.